## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**GERARD SMITH, ET AL.**                                    **CIVIL ACTION**

**VERSUS**                                                  **NO. 22-561-JWD-RLB**

**JESUS C. AVINA, ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 9, 2022.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**GERARD SMITH, ET AL.**                         **CIVIL ACTION**

**VERSUS**                                       **NO. 22-561-JWD-RLB**

**JESUS C. AVINA, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion to Remand. (R. Doc. 4). The motion is opposed. (R. Doc. 8).

**I.     Background**

On September 24, 2021, Gerard Smith and Dante Smith ("Plaintiffs") filed a Petition for Damages in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, naming as defendants Jesus C. Avina ("Avina"), MVT Services, LLC ("MVT"), and American Trucking and Transportation Insurance Company, a Risk Retention Group ("ATTIC") (collectively "Defendants") (R. Doc. 1-2 at 1-5).

Plaintiffs allege that on or about October 8, 2020, Avina was operating a semi-truck on Interstate 10 under the authority of his employer MVT when he abruptly changed lanes and struck a vehicle owned and operated by Monica Thomas, which caused Ms. Thomas's vehicle to slam into the rear end of the trailer being towed by the vehicle occupied by Plaintiffs. (R. Doc. 1-2 at 2). Plaintiffs further allege that as a result of the accident, they suffered personal injuries and damages including (1) past, present, and future medical expenses, (2) lost wages and earning capacity, (3) physical pain and suffering, (4) metal distress, (5) loss of enjoyment of life, (6) permanent impairment, and (7) scarring. (R. Doc. 1-2 at 4). The Petition did not include a

1

demand for a specific dollar amount, but did allege that Plaintiffs' respective damages exceed $50,000. (R. Doc. 1-2 at 5).[1]

All defendants received or waived service of the Petition by December 10, 2021.[2] (R. Doc. 4 at 1).

On January 30, 2022, Plaintiffs responded to Defendants' interrogatories and requests for document production. (R. Doc. 4-2; R. Doc. 4-3). Gerard Smith's response provides that he had incurred $11,096 in past medical expenses, he was not recommended to undergo surgery, and he had been making $18.00 an hour and had missed less than a week of work as a result of the accident. (R. Doc. 4-2 at 11, 13-14). Dante Smith's response provides that he had incurred $7,558 in medical expenses, he was not recommended to undergo surgery, and he had been making $15.00 an hour and had not worked since the accident. (R. Doc 4-3 at 10, 13-14). The discovery responses provide that the amount of damages sought for the remaining categories are "unknown." (R. Doc. 4-2 at 13; R. Doc. 4-3 at 13). Plaintiffs assert that they also "produced to Defendants medical records and billing documenting acute, significant spine injuries and continuing treatment," including herniated discs. (R. Doc. 4-1 at 3).

On July 20, 2022, Defendants received settlement demands from Plaintiffs' attorney in which Gerard Smith demanded $295,000 to release his claims and Dante Smith demanded $145,000 to release his claims. (R. Doc. 8-1; R. Doc. 8-2).

On August 17, 2022, Defendants removed this action, asserting the Court can exercise diversity jurisdiction under 28 U.S.C § 1332 and that the removal is timely under 28 U.S.C. §

---

[1] It appears that this allegation was made in support of a jury trial, the threshold for which was previously $50,000 in Louisiana courts. "As of January 1, 2021, the jury trial threshold in Louisiana state courts is $10,000." *Myers v. Walmart Inc.*, No. 21-02618, 2022 WL 2682109, at *1, n.1 (W.D. La. June 10, 2022), *report and recommendation adopted*, 2022 WL 2679603 (W.D. La. July 11, 2022) (citing La. Code Civ. Proc. art. 1732. 2020 La. Sess. Law Serv. 1st Ex. Sess. Act 37 (H.B. 57)).

[2] ATTIC was served on October, 29, 2021. (R. Doc. 1-2 at 43). MVT was served on November 9, 2021. (R. Doc. 1 at 2; R. Doc. 4-1 at 2). Avina filed an answer on December 10, 2021. (R. Doc. 1-2 at 46).

2

1446. (R. Doc. 1). Defendants assert that there is complete diversity because Plaintiffs are citizens of Louisiana, ATTIC is a citizen of Montana, MVT is a citizen of New Mexico, and Avina is a citizen of Mexico. (R. Doc. 1 at 4). Defendants further assert that the amount in controversy requirement is satisfied in light of the alleged injuries in the Petition, Plaintiffs' medical records, and the amounts sought in Plaintiffs' settlement demands. (R. Doc. 1 at 5-7). Defendants further state that the removal was timely because it was filed within 30 days of July 20, 2022, the date on which "each Plaintiff submitted the above-referenced settlement demands, which constitute 'other papers' from which it was first ascertainable that this matter had become removable." (R Doc. 1 at 8).

On September 9, 2022, Plaintiffs filed the instant Motion to Remand, arguing that removal was untimely, and that remand is proper considering the alleged procedural defect in removal. (R. Doc. 4).

## II.  Arguments of the Parties

### A.  Plaintiffs' Arguments

In seeking remand, Plaintiffs do not dispute that the Court can properly exercise diversity jurisdiction over this action. Plaintiffs only challenge the timeliness of the removal. (R. Doc. 4-1). Plaintiffs argue that Defendants were placed on sufficient notice that the amount in controversy exceeded $75,000, thus triggering the 30-day removal period under 28 U.S.C § 1446(b)(1), by the Petition's inclusion of the seven categories of damages sought and the assertion that the damages exceed $50,000 for each plaintiff. (R. Doc. 4-1 at 2-3). Alternatively, Plaintiffs argue that their January 30, 2022 discovery responses, which included Plaintiffs' medical records, billing information, and an expectation for a vocational rehabilitation counselor and an economist to serve as expert witnesses, constituted an "other paper" from which the

3

amount in controversy was ascertainable to trigger the 30-day removal period under 28 U.S.C § 1446(b)(3). (R. Doc. 4-1 at 3-4). Based on the foregoing, Plaintiffs argue that removal on August 17, 2022, was untimely because removal was required on either January 9, 2022 (thirty days after all defendants were joined) or, at the latest, March 1, 2022 (thirty days after Defendants received Plaintiffs' discovery responses). (R. Doc. 4-1 at 4).

### B. Defendants' Arguments

Defendants argue that in order for the thirty-day time period to be triggered the amount in controversy must either be apparent from the face of the Petition or Plaintiffs must have provided an "other paper" from which the amount in controversy was "unequivocally clear and certain." (R. Doc. 8). Defendants assert that service of the Petition did not trigger the removal period under 28 U.S.C § 1446(b)(1) because the amount in controversy was not "facially apparent" given that Plaintiffs only alleged vague injuries and medical treatment. (R. Doc. 8 at 7-8). Defendants also assert that Plaintiffs' discovery responses did not constitute an "other paper" required by 28 U.S.C § 1446(b)(3) because the medical bills produced only amounted to $11,069.00 and $7,558.00 respectively, no surgical treatment was recommended, and the amount sought for all other categories of damages was listed as "unknown." (R. Doc. 8 at 9-11). Defendants contend that this information was not "unequivocally clear and certain" to the degree which would have allowed Defendants to ascertain the amount in controversy without resorting to speculation or conducting their own investigation. (R. Doc. 8 at 11). Finally, Defendants contend that they first ascertained the amount in controversy requirement was satisfied when Plaintiffs sent the July 20, 2022 settlement demand letter, and that they timely removed within 30 days of receipt of Plaintiffs' settlement demands on August 17, 2022. (R. Doc. 8 at 13-14).

4

**III.    Law and Analysis**

There is no dispute that this Court can properly exercise diversity jurisdiction over this action under 28 U.S.C. § 1332. The sole dispute is whether removal was procedurally defective because it was untimely removed under the 30-day periods for removal provided in 28 U.S.C. § 1446(b). Plaintiffs timely raised this procedural defect within 30 days after the filing of the notice of removal. *See* 28 U.S.C. § 1447(c).

The time limits for filing a notice of removal, which are provided in the removal procedure rules of 28 U.S.C. § 1446, are as follows:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . .
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

In the context of determining whether the 30-day period for removal is triggered under Section 1446(b)(1) where the plaintiff does not allege the amount in controversy, the Fifth Circuit has provided a bright line rule that "the thirty-day removal period under the first paragraph is triggered only where the initial pleading '*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added by *Mumfrey*)). The Fifth

5

Circuit rejected "a so-called due-diligence standard . . . to promote efficiency by preventing courts from expending copious time determining what a defendant should have known or have been able to ascertain at the time of the initial pleading." *Id*. (citing *Chapman*, 969 F.2d at 163). Instead, the Fifth Circuit has noted that if a plaintiff wishes the 30-day time period to run from the defendant's receipt of the initial pleading, the plaintiff shall "place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount." *Id*. (quoting *Chapman*, 969 F.2d at 163).

Here, the Petition does not affirmatively reveal on its face that Plaintiffs are seeking damages in excess of $75,000. There is no allegation that the damages are in excess of the federal jurisdictional amount. The Petition's allegation that the Plaintiffs' damages exceed $50,000 is insufficient to satisfy the bright line rule set forth in *Mumfrey* and *Chapman*. The Petition states that Plaintiffs seek to recover for seven categories of damages without any description of the specific injuries or associated medical expenses. (R. Doc. 1-2 at 4). Defendants are not required to conduct an independent investigation for the purpose of determining whether the federal jurisdictional amount is satisfied. *Mumfrey*, 719 F.3d at 399; *Chapman*, 969 F.2d at 163. Accordingly, the 30-day deadline to remove the action was not triggered by service of the initial Petition.[3]

With regard to triggering the 30-day time period from a defendant's receipt "of an amended pleading, motion, order, or other paper," as provided in Section 1446(b)(3), the Fifth

---

[3] Defendants argue that the amount in controversy was not "facially apparent" from the Petition. To be clear, even if the amount in controversy was "facially apparent" for the purposes of determining the amount in controversy requirement, that would have been insufficient to trigger the thirty-day removal period. *See Mumfrey*, 719 F.3d at 400 ("[T]he 'facially apparent' inquiry is relevant only to 'amount dispute' cases."). Whether the amount in controversy is facially apparent such that a case could be removed is separate and apart from whether the time period within which a case must be removed has been triggered. Regardless, the Court need not determine whether the amount in controversy was "facially apparent" because there is sufficient summary judgment type evidence in the record to establish that the amount in controversy requirement is satisfied for the purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332.

6

Circuit has stated that the 30-day period is triggered only where jurisdiction is "unequivocally clear and certain" from the document. *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (stating that the statutory term "ascertained" means "unequivocally clear and certain"). If upon receipt of discovery, the defendant must resort to analyzing medical treatment records or conduct independent research by consulting "quantum books" and case law, then those papers do not suffice to trigger the thirty-day time period in Section 1446(b)(3). *See Elkins v. Bradshaw*, No. 18-1035, 2019 WL 2096126, at *4 (M.D. La. Apr. 24, 2019) (citing *Chandler v. Ruston Louisiana Hosp. Co. LLC.*, No. 14-121, 2014 WL109635, at *5 (W.D. La. Mar. 19, 2014)). Accordingly, the standard for triggering the 30-day period for removal based upon a subsequent "amended pleading, motion, order, or other paper," as provided in Section 1446(b)(3), is at least as strict as the standard for triggering the 30-day period for removal based on an initial pleading, as provided in Section 1446(b)(1). *Daniel v. Lowe's Home Ctrs., LLC.*, No. 16-374, 2016 WL 6562073, at *4 (M.D. La. Oct. 11, 2016).

     Here, Plaintiffs' January 30, 2021 discovery responses did not trigger the thirty-day time period for removal because those responses were not unequivocally clear and certain with respect to the amount in controversy requirement. Plaintiffs' discovery responses provided that Plaintiffs had respectively incurred $11,069.00 and $7,558.00 in medical expenses, as well as an incomplete means of accounting for lost wages. (R. Doc. 4-2 at 11, 13-14; R. Doc. 4-3 at 10, 13-14). Beyond the quantifiable measures of damages provided, the discovery responses only provide that the amount of damages sought for the remaining categories are "unknown." (R. Doc. 4-2 at 13; R. Doc. 4-3 at 13). An "other paper" that requires some independent analysis to determine the amount in controversy does not meet the Fifth Circuit's "unequivocally clear and certain" standard set forth in *Bosky*. See *Elkins*, 2019 WL 2096126, at *4. In other words, the

amount in controversy was not ascertainable based on these discovery responses and, accordingly, the 30-day removal period under Section 1446(b)(3) was not triggered by receipt of these discovery responses.

Finally, there is no dispute that through their July 20, 2022 settlement demands, Gerard Smith demanded $295,000 to release his claims and Dante Smith demanded $145,000 to release his claims. (R. Doc. 8-1; R. Doc. 8-2). This is the only other date proffered by the parties that could have possibly triggered the 30 day removal period. Because Defendants removed within 30 days of the receipt of these settlement demands, the Court need not determine whether the settlement demands triggered the 30-day removal period. It is sufficient to find that the earlier dates relied on by Plaintiff (service of the Petition and discovery responses) did not trigger the 30-day removal period. The removal in this matter was not untimely.

### IV.  Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiffs' Motion to Remand (R. Doc. 4) be **DENIED**.

Signed in Baton Rouge, Louisiana, on November 9, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**